MONICA R. THOMPSON (031575)
monica.thompson@dentons.com
DENTONS US LLP
2398 East Camelback Road Suite 850
Phoenix, Arizona 85016-9007
Telephone:   (602) 508-3900
Facsimile:   (602) 955-1002

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Dorazio, on behalf of his minor daughter, A.D., <br><br> Plaintiff, <br><br> v. <br><br> Allstate Fire and Casualty Insurance Company, <br><br> Defendant. | No. _____ <br><br> **NOTICE OF REMOVAL** |

Defendant, Allstate Fire and Casualty Insurance Company ("Defendant"), removes to this Court the state court action described below. Removal is proper under 28 U.S.C. § 1332(a), because Plaintiff's individual claimed damages exceed the $75,000 jurisdictional minimum under that provision and there is complete diversity of citizenship, and supplemental jurisdiction then exists over the subject class claims. Removal is also proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that are seeking to recover more than $5,000,000, and there is at least minimal diversity of citizenship.

**NATURE OF THE CASE**

1. On December 1, 2022, Plaintiff, Brian Dorazio, on behalf of his minor

1  daughter, A.D. ("Plaintiff"), commenced an action against Defendant on behalf of himself and a putative class in the Superior Court of the State of Arizona in and for Maricopa County, entitled *Dorazio v. Allstate Fire and Casualty Ins. Co.*, Case No. CV2022-015856.  Service was first effectuated on Defendant on December 6, 2022.

2.  In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is therefore filed within thirty (30) days after service of the Complaint upon Defendant, thus rendering this removal timely.

3.  Plaintiff alleges that, on January 12, 2021, A.D. was injured in an accident with an uninsured motorist while riding as a passenger in a 2003 Toyota Corolla driven by her sister. Compl., ¶¶ 7-11.  At the time of the accident, A.D. was allegedly an insured under an Allstate auto insurance policy (the "Policy") issued to Plaintiff and his wife which covered four vehicles (the 2003 Toyota Corolla, a 2018 Nissan Armada, a 2013 Dodge Ram and a 2004 Ford F150). *Id*., ¶¶ 12-21.  The Policy had underinsured motorist ("UM") coverage limits of $100,000. *Id*., ¶ 12.

4.  Plaintiff alleges that, on March 16, 2021, A.D. (presumably Plaintiff on behalf of A.D.), submitted a claim for UM benefits on all vehicles insured on the policy, and that Defendant paid the $100,000 policy limits on only one of the vehicles. *Id*., ¶¶ 20-26.  According to Plaintiff, Defendant improperly relied on a Limit of Liability provision in the Policy to deny stacked UM benefits, which provision Plaintiff alleges does not effectively preclude stacked UM coverage.

5.  According to Plaintiff, based on Arizona law the Limit of Liability provision does not preclude stacking and, even if it did, it fails to inform insureds of their right to select which coverage will apply in violation of A.R.S. § 20-259.01(H).  Plaintiff alleges that because Defendant did not advise Plaintiff in writing -- either in the Policy or within 30 days of receiving notice of the collision -- of the right to select which coverage will apply, stacking of coverage is required.  *Id*., ¶¶ 27-30.

6.  Although not set forth in separate counts, Plaintiff asserts causes of action for declaratory relief, Compl., ¶¶ 38-44, breach of contract, Compl., ¶¶ 45-47, and breach

of the covenant of good faith and fair dealing/bad faith, Compl., ¶¶ 48-62.

7. Plaintiff seeks to represent the following classes:

Class One: Stacked Uninsured Motorist Coverage

Class One shall consist of individuals:

A. Who are "insureds" on Allstate insurance policies issued, and in force, in Arizona from December 1, 2016 through present;

B. Who were involved in a motor vehicle collision with an uninsured motor vehicle;

C. Where the insurance policies issued by Defendant Allstate provided Uninsured Motorist Coverage on more than one vehicle – either on the same policy or separate policies issued by Defendant Allstate or any other insurer under common management;

D. Where Defendant Allstate paid the policy limits of Uninsured Motorist Coverage on one vehicle, but either failed or refused to pay any Uninsured Motorist benefits on the remaining vehicles.

Class Two: Stacked Underinsured Motorist Coverage

Class Two shall consist of individuals:

A. Who are "insureds" on Allstate insurance policies issued, and in force, in Arizona from December 1, 2016 through present;

B. Who were involved in a motor vehicle collision with an underinsured motor vehicle;

C. Where the insurance policy issued by Defendant Allstate provided Underinsured Motorist Coverage on more than one vehicle – either on the same policy or separate policies issued by Defendant Allstate or any other insurer under common management;

D. Where Defendant Allstate paid the policy limits of Underinsured Motorist Coverage on one vehicle, but either failed or refused to pay any Underinsured Motorist benefits on the remaining vehicles.

*Id*., ¶¶ 70-73.

8. Plaintiff seeks general damages, punitive damages and attorneys' fees. Compl., pp. 21-22.

# THIS COURT HAS JURISDICTION
# UNDER TRADITIONAL DIVERSITY PRINCIPLES

9. This Court has jurisdiction under traditional diversity principles pursuant to 28 U.S.C. §§ 1332 and 1367, because Plaintiff and Defendant are diverse and the amount

- 3 -

in controversy requirement is satisfied.

**Plaintiff And Defendant Are Diverse.**

10. Plaintiff and A.D. are citizens and resident of Arizona, as Plaintiff is alleged to be an Arizona insured and A.D. is alleged to reside with Plaintiff. Compl., ¶¶ 3-4, 14-15.

11. Defendant is incorporated under the laws of Illinois with its principal place of business in Illinois, and is, therefore, a citizen of Illinois for purposes of the diversity of citizenship analysis. *See* Compl., ¶ 2.

12. Accordingly, there is complete diversity of citizenship between the Parties pursuant to 28 U.S.C. § 1332.

**The Amount In Controversy Requirement Is Satisfied.**

13. The requisite $75,000 amount in controversy for an individual plaintiff is satisfied here under 28 U.S.C. § 1332(a), and therefore this Court has supplemental jurisdiction over the entire putative class under 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) (where one of the named plaintiffs in the alleged class action satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs).

14. Although the Complaint does not contain a demand for a specific dollar amount of damages, it is clear that the individual amount in controversy far exceeds $75,000.

15. The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). When the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

16. Here, Plaintiff alleges A.D. is entitled to damages for breach of contract and further alleges that Defendant should have paid A.D. stacked UM limits for each of the four vehicles insured under the Policy, not just the $100,000 policy limit for one vehicle.

So, for compensatory damages alone, Plaintiff is seeking $300,000. That alone puts the amount in controversy above the $75,000 threshold.

17. Moreover, for jurisdictional purposes, the amount in controversy includes punitive and treble damages, as well as compensatory damages. *See e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("both actual and punitive damages… must be considered to the extent claimed in determining jurisdictional amount").

18. Here, Plaintiff expressly seeks punitive damages, so those damages are included in the individual amount in controversy and push that amount even further over the $75,000 threshold.[1]

19. In light of the foregoing, the $75,000 amount in controversy requirement is satisfied here, and individual diversity jurisdiction plainly exists. Additionally, as noted, supplemental jurisdiction therefore also exists over the entire class. On this basis alone, removal of this case is appropriate.

## THE COURT ALSO HAS JURISDICTION UNDER CAFA

20. This Court also has jurisdiction under CAFA, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity of citizenship.

21. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants, such as this case. When CAFA was passed, it expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to confer upon federal courts original jurisdiction over cases where: (a) the putative class contains at least 100 class members, (b) any member of the putative class is a citizen of a state different from that of any defendant; and (c) the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

---

[1] Defendant does not agree that Plaintiff is entitled to any of the relief he seeks, including punitive damages, but that is what he has alleged in the Complaint, and therefore those allegations control for removal amount in controversy purposes.

22. This suit satisfies all of the requirements for federal jurisdiction under CAFA in that: (1) the putative class exceeds 100; (2) at least one member of the proposed class has a different citizenship from Defendants; (3) the amount in controversy exceeds $5,000,000; and (4) none of the exceptions to CAFA jurisdiction applies.

**The Putative Class Size Exceeds 100.**

23. CAFA requires that the proposed class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is satisfied here.

24. Here, Plaintiff alleges Fed. R. Civ. P. 23's numerosity requirement is met because Defendant "routinely denies" stacked uninsured and underinsured motorist coverage. (Compl., ¶¶ 77, 78.)

25. Thus, based on the Complaint allegations, and the sheer amount of time at issue in this case (2016 to the present), there are plausibly easily over 100 putative class members here. This is sufficient to support removal. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (removal notice need only plausibly allege, not detail proof of, the amount in controversy); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (same principle).

**There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

26. The second CAFA requirement is minimal diversity, which requires that at least one putative class member must be a citizen of a state different from one defendant. 28 U.S.C. § 1332(d)(2). Under CAFA, a corporation is a citizen of the state where it has its principal place of business as well as the state under the laws of which it is organized. 28 U.S.C. § 1332(d)(10).

27. Here, as noted, the Complaint indicates Plaintiff is a citizen of Arizona, and Plaintiff purports to represent classes that include Arizona insureds. Compl., ¶¶ 72, 73. As detailed above, Defendant is incorporated under the laws of Illinois with its principal place of business in Illinois and is therefore a citizen of Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1). Accordingly, there is minimal diversity here in that at least one class member is a citizen of Arizona and no Defendant is a citizen of Arizona, so this

prerequisite to CAFA jurisdiction is also met. 28 U.S.C. § 1332(d)(2).

**The CAFA Amount in Controversy Requirement of $5,000,000 is Satisfied.**

28. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

29. As the removing party, Defendant bears the burden of establishing the CAFA amount in controversy requirement is met by a preponderance of the evidence. *Fritsch*, 899 F.3d at 788.

30. In meeting its burden on removal, a removing defendant need not submit detailed evidence with its removal notice, but need only show plausibly that removal jurisdiction exists. *Dart*, 574 U.S. at 89; *Fritsch*, 899 F.3d at 788.

31. Here, based upon Plaintiff's Complaint allegations and theories (which Defendant disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is certainly plausibly satisfied.

32. For example, as noted, for Plaintiff alone, the compensatory damages alone based on the Policy's $100,000 UM limit for the claimed stacked UM coverage are $300,000. If just 51 of the well over 100 putative class members had the same amount of compensatory damages, the amount in controversy would be over $5,000,000. And if just 201 putative class members had compensatory damages of $25,000 alone, the amount in controversy would be over $5,000,000. And, again, given the sheer amount of time (2016 to the present) alleged as Plaintiff's class period, any of the above scenarios are certainly plausible.

33. Moreover, as noted above, punitive damages for the entire class are alleged here. Those damages are also counted toward the CAFA amount in controversy. *See, e.g., Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *4 (W.D. Wash. Aug. 2, 2022) ("[W]hen CAFA applies ... the total amount of the claimed punitive damages are to be applied to the statute's $5 million jurisdictional amount requirement.") (citation and internal quotations omitted). Accordingly, these

1  damages would push the class amount in controversy even further over $5 million.

2        34.    Plaintiff also seeks attorneys' fees. *See, e.g.*, Compl., p. 22. If attorneys'
3  fees are available to plaintiffs under the pleaded causes of action -- and here, as Plaintiff
4  expressly alleges, fees are available under A.R.S. §§ 12-341 and 12-341.01 -- then
5  attorneys' fees likewise are included in determining the jurisdictional amount. *See, e.g.,*
6  *Lucas v. Michael Kors (USA), Inc.*, No. CV181608MWFMRWX, 2018 WL 2146403, at
7  *11 (C.D. Cal. May 9, 2018) (noting that attorneys' fees are properly included in amount
8  in controversy calculation in case removed under CAFA). The addition of attorneys' fees
9  would even further increase the amount in controversy here above $5 million.

10        35.    For all the foregoing reasons, it is evident based on the Complaint
11  allegations that the $5,000,000 CAFA amount in controversy requirement is satisfied in
12  this matter.

13        **None of the CAFA Exceptions Applies.**

14        36.    CAFA provides two mandatory exceptions and one discretionary exception
15  to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). None of these
16  exceptions applies here. Each CAFA exception requires, as a starting point, an in-state
17  defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought
18  from an in-state defendant (local controversy exception), or requiring the "primary
19  defendant" to be an in-state one ("home state" and discretionary exceptions). Here, as
20  shown above, Defendant is not a citizen of the Arizona.

21        **ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET**

22        37.    Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto, as Exhibit A,
23  all the state court process, pleadings and orders served upon it.

24        38.    This Court is part of the district and division within which this action was
25  filed. 28 U.S.C. § 1446(a).

26        39.    Promptly after filing this Notice of Removal, Defendant shall cause a true
27  and correct copy of the same to be filed with the Clerk of the Court for the Superior Court
28  for Maricopa County, Arizona, where the case was filed, pursuant to 28 U.S.C. § 1446(d),

along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit B.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests this Court assume full jurisdiction over this action as provided by law.

DATED: January 4, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　DENTONS US LLP

　　　　　　　　　　　　　　　　　　　*/s/* Monica R. Thompson
　　　　　　　　　　　　　　　　　　　Monica R. Thompson
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant