**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Dorazio, | No. CV-23-00017-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Fire and Casualty Insurance Company, | |
| Defendant. | |

At issue is Defendant Allstate Fire and Casualty Insurance Company's Motion to Stay (Doc. 9, "Mot."), to which Plaintiff Brian Dorazio filed a Response in opposition (Doc. 15, "Resp."), and Defendant filed a Reply in support (Doc. 16). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

Plaintiff brought this case on behalf of his minor daughter, A.D., and a putative class of insureds entitled to Uninsured Motorist ("UM") and Underinsured Motorist ("UIM") coverage on insurance policies issued by Defendant. (Doc. 1-3, "Compl.," ¶¶ 1, 3.) Plaintiff alleges that Defendant unlawfully denied A.D. and members of the putative class "stacked" UM and UIM coverage, referring to the ability to obtain benefits when there are either (1) multiple policies providing UM or UIM coverage on multiple vehicles or (2) one policy providing UM or UIM coverage on multiple vehicles. (Compl. ¶¶ 3–5.) Plaintiff alleges that after a collision involving an uninsured driver, A.D. submitted a claim seeking UM benefits on all four of the vehicles insured on Plaintiff's policy with Defendant, but that Defendant agreed to pay the policy limits on only one of the vehicles, citing the policy's

Limit of Liability provision. (Compl. ¶¶ 22–26.) Plaintiff contends that A.D. is entitled to stacked UM coverage. (Compl. ¶ 40.) Plaintiff alleges that the Limit of Liability provision does not preclude such coverage and, even if it did, the policy fails to inform insureds of their right to select which coverage will apply and instead makes the choice for them, in violation of A.R.S. § 20-259.01(H). (Compl. ¶¶ 27–28.) Plaintiff alleges that because Defendant did not advise Plaintiff in writing of the right to select which coverage would apply—either in the policy or within 30 days of receiving notice of the collision—stacking of coverage therefore is required. (Compl. ¶¶ 27-30.)

Defendant now moves for a stay of all proceedings in this matter pending the Arizona Supreme Court's decision on the two questions this Court certified in *Franklin v. CSAA General Insurance Company*, No. CV-22-00540-PHX-JJT (D. Ariz. Nov. 2, 2022):

> (1) Does A.R.S. § 20-259.01 mandate that a single policy insuring multiple vehicles provides different underinsured motorist (UIM) coverages for each vehicle, or a single UIM coverage that applies to multiple vehicles?
>
> (2) Does A.R.S. § 20-259.01(B) bar an insured from receiving UIM coverage from the policy in an amount greater than the bodily injury liability limits of the policy?

Defendant represents that its responsive pleading in this matter would be a Motion to Dismiss that turns on these same issues. (Mot. at 1–3.)[1] Defendant notes that the Court and other courts in this district have entered similar stays pending the Arizona Supreme Court's decision on the questions certified in *Franklin*. (*Id.* (citing, in addition to *Franklin*, *Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT (D. Ariz. Nov. 3, 2022); *Miller v. Trumbull Ins. Co.*, No. CV-22-01545-PHX-JJT (D. Ariz. Nov. 4, 2022); *Muehlhausen v. Allstate Fire & Cas. In. Co.*, No. CV-22-01747-PHX-JAT (D. Ariz. Dec. 1, 2022); *Dale v. Travelers Prop. Cas. Ins. Co.*, No. CV-22-01659-PHX-SPL (D. Ariz. Dec. 5, 2022); *Bode v. Travelers Prop. & Cas. Ins. Co.*, No. CV-22-01847-PHX-DWL (D. Ariz. Dec. 16, 2022).) Plaintiff opposes a stay, arguing that resolution of the certified questions in *Franklin* will not determine any issue in this case. (Resp. at 1, 6–11.)

---

[1] Defendant contends that while *Franklin* involves UIM coverage, "the issues are identical in the UM context here." (Mot. at 3.) Plaintiff does not contest this point.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay proceedings under *Landis*, courts must weigh "competing interests," *id.* at 255, which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court concludes that a stay of the proceedings is appropriate here. Defendant notes—and Plaintiff does not dispute—that the insurance policy at issue in this case is a "single policy insuring multiple vehicles." (Reply at 3.) Plaintiff nonetheless distinguishes the first certified question in *Franklin* based on his interpretation of the language in the policy. (Resp. at 8–11.) However, Defendant disputes Plaintiff's interpretation of the policy and proffers its own interpretation that would appear to bring this case directly within the ambit of the first certified question. (Reply at 2–3.) The parties likewise present differing interpretations of the policy as it relates to the second certified question in *Franklin*. (*See* Resp. at 11; Reply at 4.) The Court need not weigh in on these disputes at this stage of the litigation. The Arizona Supreme Court's resolution of the certified questions in *Franklin* may dispose of, or at least narrow, Plaintiff's liability theory; at a minimum, it is likely to provide guidance on issues presented in this case.[2] Further, while Defendant has articulated the prejudice it will suffer by having to participate in motion practice and discovery without

---

[2] The Court notes that its Order certifying questions requested that the Arizona Supreme Court not limit the consideration of the issues based on the questions' phrasing. (Case No. CV-22-00540-PHX-JJT, Doc. 47 at 4.) Moreover, Rule 27 of the Arizona Supreme Court Rules, regarding certification of questions of state law from this Court, incorporates the Arizona Rules of Civil Appellate Procedure, which provide the opportunity for an *amicus curiae* to file a brief in a case before the Arizona Supreme Court if the *amicus curiae* has an interest in another case that the decision in the case before the Supreme Court— resolution of the certified questions—may affect, or if the *amicus curiae* "can provide information, perspective, or argument that can help the [Supreme Court] beyond the help that the parties' lawyers provide." Ariz. R. Civ. App. P. 16(b)(1)(C)(ii) and (iii).

guidance from the Arizona Supreme Court, Plaintiff has not articulated the prejudice he will suffer if the case is stayed. None is apparent other than the delay itself, which will be relatively brief given that the Arizona Supreme Court set an April 18, 2023 oral argument on the certified questions in *Franklin*.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Stay (Doc. 9).

**IT IS FURTHER ORDERED** staying all further judicial proceedings in this matter pending the Arizona Supreme Court's ultimate resolution of the questions certified by this Court in *Franklin v. CSAA General Insurance Company*, No. CV-22-00540-PHX-JJT.

Dated this 23rd day of February, 2023.

Honorable John J. Tuchi
United States District Judge