**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Dorazio,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Allstate Fire and Casualty Insurance Company,<br><br>　　　　　Defendant. | No. CV-23-00017-PHX-KML<br><br>**ORDER** |

Styling their motion as a request for a Rule 16 conference, the parties have effectively moved for reconsideration of the court's August 19, 2024 scheduling order. (Doc. 38.) Because Judge Tuchi already held a Rule 16 scheduling conference in which he rejected as "too long" proposed deadlines shorter than those the parties recently requested, the parties' motion for another Rule 16 conference is denied. Nonetheless, after examining the cases the motion cited, the court will *sua sponte* extend the deadlines to more closely match those that other district judges imposed in similarly-situated cases. The new deadlines are still shorter than those the parties proposed after the case was transferred, and any additional requests for extension must be accompanied by (1) an explanation of why this case is more complicated and time-consuming than those the parties cited as parallel; and (2) a certification stating the client is aware of and approves the requested extension.

**I.    The Prior Rule 16 Conference and Extension Requests**

During their October 19, 2023 scheduling conference, Judge Tuchi rejected the parties' proposed "two-tiered" discovery schedule as "too long." (Oct. 19, 2023

Conference Transcript ("Tr.") at 3.) The court also noted if the parties followed their proposed schedule, "this case would be two years old before the certification briefing was even ripe." (Tr. at 4.)

The court specified that it would only extend deadlines for the "rare" reason "that something comes up that was not foreseeable at the time we set the schedule," such as "serious illness," rather than "ordinary delays." (Tr. at 6-7.) Finally, Judge Tuchi cautioned the parties that if they were "going to ask for more time," to ask "as soon as [they] see the issue" because the closer the parties "get to the deadline that exists, the more reluctant [the court would be] to move" the deadline. (Tr. at 7.)

Notwithstanding these warnings, the parties waited until the day of the class certification deadline to request a four-month extension. (Doc. 35-1 at 1.) The parties cite the entry date of the protective order as contributing to their discovery delays (Doc. 38 at 6), but they waited over a month after the order was entered—until after the case was transferred from Judge Tuchi—before seeking an extension. And the parties again proposed a discovery schedule that would push the motion for class certification two years past when the case was initially filed in state court, which is as unacceptable to this court as it was to Judge Tuchi. (Doc. 35-1 at 1; Doc. 1-3 at 7; Tr. at 4.)

In their motion for another Rule 16 conference, the parties mention that delayed entry of their protective order, discovery disputes (including disagreements on damages data), and settlement discussions impeded their efforts to move forward with discovery. (Doc. 38 at 7.) The parties also note that the "practical realities" of "dealing with multiple cases" warrants accommodation. But as the court in *Dale v. Travelers Property Casualty Insurance Co.*—a parallel case cited by the parties (Doc. 38 at 3)—noted in its order rejecting the parties' joint motion to extend discovery deadlines, "the fact that counsel is working on a variety of related matters" is "unavailing." *Dale v. Travelers Prop. Cas. Ins. Co*. No. 2:22-cv-01659-SPL, ECF No. 43 at 1 (referencing *Mondares v. Kaiser Found. Hosp*., 2011 WL 5374613 (S.D. Cal. Nov. 7, 2011) ("First, trials in other cases and counsel's busy schedule are unrelated to this case, and the delay they cause are not a

- 2 -

product of this case. Every attorney who appears before this Court juggles multiple cases and has a busy schedule. Second, other trials and a busy schedule do nothing to advance Plaintiff's burden to show she was diligent in this case.").

## II.   Parallel Cases

Nonetheless, after reviewing the parallel cases cited by the parties in their motion, the court is willing to extend the parties' discovery deadlines to more closely match those other district judges have ordered. Because the deadlines initially requested by the parties in their joint motion would prolong this matter beyond those parallel cases,[1] the court will allow shorter extensions than the parties requested in Doc. 38. The parties must make every effort to comply with these deadlines. The deadlines set in this order will not be extended again absent extraordinary circumstances, and any extension motion must explain why this case is in fact more complicated and time-consuming than those on which the parties relied. In addition, while the court strongly disfavors any future motion to extend the deadlines, any such request must be accompanied by a certification stating the client is aware of and approves of the requested extension. The following deadlines apply.

---

[1] *See Hacker v. Am. Fam. Mut. Ins.*, No. 2:22-cv-01936-DLR, ECF No. 39 (in case removed November 14, 2022, setting fact discovery deadline for January 10, 2025); *Caballero v. Econ. Preferred Ins. Co.*, No. 2:22-cv-02023-MTL, ECF No. 51 (in case removed November 28, 2022, setting motion for class certification deadline for June 10, 2024, fact discovery deadline for September 26, 2024, and dispositive motions deadline for October 31, 2024) ("The Court notes, however, that this is the last extension of deadlines it will grant in this case."); *Creasman v. Farmers Cas. Ins. Inc.*, No. 2:22-cv-01820-DJH, ECF No. 47 (in case removed October 24, 2022, setting class certification fact discovery deadline for November 12, 2024 and motion for conditional class certification for January 10, 2025); *Doyle v. Pekin Ins. Co.*, No. 2:22-cv-00638-JJT, ECF No. 94 (in case filed April 18, 2022, setting motion for class certification deadline for November 15, 2024 and fact discovery deadline for January 16, 2025); *Franklin v. CSAA Gen. Ins. Co.*, No. 2:22-cv-00540-JJT, ECF No. 58 (in case filed April 4, 2022, setting motion for class certification deadline for December 4, 2023 and fact discovery deadline for March 21, 2024); *Lopez v. Liberty Mut. Personal Ins. Co.,* No. 2:23-cv-00629-DLR, ECF No. 34 (in case removed April 14, 2023, setting fact discovery deadline for November 8, 2024 and motion for class certification deadline for November 22, 2024); *Loughran v. MIC General Ins. Corp.*, No. 2:23-cv-00108-DJH, ECF No. 25 (in case removed January 18, 2023, setting class discovery deadline for January 3, 2025 and motion for conditional class certification deadline for January 10, 2025); *Moshier v. Safeco Ins. Co.*, No. 2:23-cv-00225-DLR, ECF No. 34 (in case removed February 3, 2023, setting fact discovery deadline for October 25, 2024 and motion for class certification deadline for November 8, 2024).

| **Deadline** | **Current** | **New** |
|---|---|---|
| Motion for class certification | 09/16/2024 | 11/15/2024 |
| Response to class certification | 10/16/2024 | 12/31/2024 |
| Reply to class certification | 11/16/2024 | 1/31/2025 |
| Class fact discovery | 11/16/2024 | 1/31/2025 |
| Dorazio to disclose all persons whom they may call to trial to present evidence under FRE 702, 703, 704, 705 | 09/16/2024 | 11/15/2024 |
| Allstate to disclose all persons whom they may call to trial to present evidence under FRE 702, 703, 704, 705 | 11/16/2024 | 1/17/2025 |
| Dorazio to disclose all persons providing rebuttal expert testimony | 12/16/2024 | 2/28/2025 |
| All discovery to be completed | 03/17/2025 | 4/17/2025 |
| The parties to complete all pre-trial disclosures required under Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial | 03/17/2025 | 4/17/2025 |
| Good faith settlement discussions to be held | 12/16/2024 | 2/28/2025 |
| All dispositive motions, including Daubert motions, to be filed | 03/24/2025 | 5/1/2025 |
| Responses to Dispositive Motions (including *Daubert* motions) | 04/07/2025 | 5/15/2025 |
| Replies in support of Dispositive Motions (including *Daubert* motions) | 04/21/2025 | 5/29/2025 |

/
/

Accordingly,

**IT IS ORDERED** the parties' motion for Rule 16 hearing is **DENIED** (Doc. 38).

**IT IS FURTHER ORDERED** the parties shall comply with the deadlines set forth above.

Dated this 11th day of September, 2024.

_____
Honorable Krissa M. Lanham
United States District Judge