**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Dorazio, | No. CV-23-00017-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Fire and Casualty Insurance Company, | |
| Defendant. | |

Defendant Allstate Fire and Casualty Insurance Company seeks a stay of "all further proceedings" pending resolution of its Fed. R. Civ. P. 23(f) petition seeking review of the class certification order. (Doc. 122 at 1.) Only a partial stay is appropriate.[1]

Filing a Rule 23(f) petition does not automatically stay the case. Fed. R. Civ. P. 23(f). District courts presented with motions to stay pending resolution of Rule 23(f) petitions have applied the four-factor test applicable to requests for stays pending appeal. *See, e.g.*, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019). That test requires the court assess "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

The first factor involving likelihood of success requires looking to "the likelihood

---

[1] The deadline for the opposition to the motion has not yet expired but providing an immediate ruling will keep the case progressing. After the parties file their proposed notice plan, plaintiff Brian Dorazio may seek to lift this partial stay.

that the Ninth Circuit will grant [Allstate's] Rule 23(f) petition, and the likelihood that the Ninth Circuit will agree with [Allstate] on the substantive merits." *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011). Allstate cannot make a strong showing of either.

"Rule 23(f) review should be a rare occurrence." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 955 (9th Cir. 2005). When the defendant seeks such review, "appeal under Rule 23(f) would most likely be appropriate" in two circumstances. *Id.* at 957. First, "when a grant of certification may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability." *Id.* Second, when "the certification decision turns on a novel or unsettled question of law." *Id.*

Allstate's potential level of liability is significant. According to the motion to stay, "the average class member's potential recovery could exceed $100,000." (Doc. 122 at 2.) Assuming approximately 1,600 class members, Allstate purports to be facing damages in excess of $160 million dollars. That amount of liability might be sufficient to create the type of settlement pressure the Ninth Circuit identifies as a basis to grant a Rule 23(f) petition. But Allstate has not explained how it calculated that the average class member's recovery might exceed $100,000. The court's certification order made abundantly clear it did not accept Dr. Kaufman's estimate of the *amount* of damages and acknowledged Allstate's argument that "many class members will have suffered a lower amount of damages." (Doc. 121 at 18–20, 24.) Nor has Allstate argued this level of liability is "ruinous." And likewise, Allstate's petition's reliance on the average class member's potential recovery—where the court explicitly declined to accept those potential recovery figures as a factual matter—does not squarely present any "novel or unsettled question of law" that might serve as a basis to grant a Rule 23(f) petition. Allstate has not shown a significant likelihood the Ninth Circuit will grant its petition to hear an appeal.

Assuming Allstate were granted leave to appeal, it has not presented any compelling argument the Ninth Circuit is likely to agree with its petition. Allstate argues "the Ninth Circuit is likely to agree" that class certification is inappropriate "where individualized

- 2 -

1  issues of liability turn on assessing the value of claims of bodily injuries from car
2  accidents." (Doc. 122 at 3.) The class certification order explains how the evidence shows
3  class members—with possibly an insignificant number of exceptions—have been injured.
4  (Doc. 121 at 17.) So the "value of claims of bodily injuries" in this case presents an issue
5  of damages, not liability. Allstate's motion to stay does not identify any flaw in that aspect
6  of the court's analysis. Allstate has not established a strong likelihood of success on the
7  merits of the appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (under likelihood of
8  success factor "it is not enough that the chance of success on the merits be better than
9  negligible").

10  The second factor for assessing a stay request looks to the injury Allstate will suffer
11  absent a stay. Allstate argues dissemination of notice may harm its reputation. Allstate does
12  not elaborate how providing notice to class members would impose a significant amount
13  of reputational harm. Allstate also argues a stay would prevent it from incurring
14  "significant litigation costs that will be wasted if the Ninth Circuit reverses." (Doc. 122 at
15  4-5.) "Wasted" litigation costs constitute some injury although Allstate has not explained
16  how that injury would qualify as irreparable. The second factor does not support granting
17  a stay.

18  The third factor requires assessing if a stay will injure Dorazio and class members.
19  *Romero*, 383 F. Supp. 3d at 1073. A delay in payment imposes some costs on class
20  members, but that delay can be remedied through increased damages awards. Class
21  members will not suffer significant harm if a stay were granted so this factor supports
22  Allstate's request.

23  The fourth factor requires identifying "where the public interest lies." *Id.* According
24  to Allstate, the public has "an interest in efficient use of judicial resources," and a stay
25  would be more efficient. (Doc. 122 at 6.) But the "[o]rderly and expeditious resolution of
26  disputes is of great importance to the rule of law." *In re Phenylpropanolamine (PPA)*
27  *Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). And "delay in reaching the merits
28  . . . is costly in money, memory, manageability, and confidence in the process." *Id.* On

1  balance, the fourth factor does not support granting or denying a stay.

2  Allstate has not established entitlement to the complete stay it seeks because it has not shown a significant likelihood of success, that it will suffer irreparable injury, or that the public interest supports granting a stay. Despite that, allowing remaining proceedings in this case while the Rule 23(f) petition is pending would be an inefficient use of the parties' and court's resources. Even if there is only a remote chance that Allstate might prevail in its Rule 23(f) petition, a more limited stay than Allstate seeks is appropriate. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (identifying factors for discretionary stay).

Allstate must turn over class lists and the parties must prepare and file their proposed notice plan. The notice plan, however, will not be implemented until the Rule 23(f) petition is resolved. The deadlines for summary judgment motions and *Daubert* motions will be reset after the Rule 23(f) petition is resolved.

Finally, Dorazio proposes minor changes to the class definition. Those changes appear acceptable as they do not have a substantive impact on the propriety of class certification and appear unlikely to impact the Rule 23(f) petition. Allstate is required to file a brief statement of no more than two pages identifying any flaws in the proposed changes to the class definition.

Accordingly,

**IT IS ORDERED** the Motion to Stay (Doc. 122) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** within **30 days** of this order Allstate shall provide plaintiff with a list of class members.

**IT IS FURTHER ORDERED** within **45 days** of this order plaintiff shall file a proposed form of notice for approval. Within **five days** of plaintiff filing the proposed form of notice Allstate may file its objections to the form of notice.

**IT IS FURTHER ORDERED** no later than **July 7, 2025**, Allstate shall file a statement of no more than two pages identifying flaws in the proposed revisions to the class

- 4 -

definition.

**IT IS FURTHER ORDERED** Allstate shall file notice within **three days** of the Ninth Circuit Court of Appeals acting on Allstate's Rule 23(f) petition.

**IT IS FURTHER ORDERED** the deadline for dispositive and *Daubert* motions will be reset after resolution of Allstate's Rule 23(f) petition.

Dated this 30th day of June, 2025.

Honorable Krissa M. Lanham
United States District Judge