**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Dorazio,<br><br>Plaintiff,<br><br>v.<br><br>Allstate Fire and Casualty Insurance Company,<br><br>Defendant. | No. CV-23-00017-PHX-KML<br><br>**ORDER** |

On October 15, 2026, the court held a trial-setting hearing and stated an order would issue addressing two discovery issues. The parties must file supplemental briefing on the following matters.

First, the parties must brief whether plaintiffs' counsel may now pursue discovery into defendant's financial information for purposes of presenting evidence to the jury on punitive damages. In particular, the parties should address plaintiffs' counsel's stated reason for not requesting this information before the close of discovery—Arizona's rule barring such discovery until the jury is reasonably likely to decide the punitive damages claim. *Larriva v. Montiel*, 491 P.2d 735, 736 (Ariz. Ct. App. 1984); *Swift Transp. Co. of Ariz. L.L.C. v. Carman in and for Cnty. of Yavapai*, 515 P.3d 685, 689 (Ariz. 2022). The parties must also address whether that rule is or was applicable in *federal* discovery proceedings. *See GG Ins. Servs. Inc. v. Johnson*, No. CV-23-01964-PHX-KML, 2025 WL 1918560, at *2 (D. Ariz. July 11, 2025), *reconsideration denied*, No. CV-23-01964-PHX-KML, 2025 WL 2097940 (D. Ariz. July 25, 2025); *see also Berk v. Choy*, 607 U.S. 187,

198–99 (2026).

Second, the parties must brief whether the parties may use at trial information from the 100 to 200-or so claim files of class members who received UM/UIM benefits in an amount equal to the limits of only one of the UM/UIM coverages under the applicable policy or policies between the date of the discovery cutoff, April 17, 2025 (Doc. 39), and the date this court amended the class definition (Doc. 131) on September 23, 2025. The parties must also provide a specific number of how many class members fall into this category.

Finally, the parties shall file a joint statement (separate from their supplemental briefing) containing the exact pretrial deadlines they propose, given that trial will begin on April 27, 2027, and the court resolved certain issues appearing on plaintiffs' proposed schedule at the trial-setting hearing. The parties should identify dates for each of the events that remain unresolved set forth on page two of Doc. 167.

Accordingly,

**IT IS ORDERED** no later than **October 30, 2026**, each party shall file a brief of no more than five pages addressing whether there should be further discovery regarding (1) defendant's financial information for purposes of presenting evidence on punitive damages; and (2) the claim files discussed above.

**IT IS FURTHER ORDERED** no later than **October 30, 2026**, the parties shall confer and file a joint statement containing proposed dates as set forth above.

Dated this 20th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge