**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Brian Dorazio,

Plaintiff,

v.

Allstate Fire and Casualty Insurance Company,

Defendant.

No. CV-23-00017-PHX-KML

**ORDER**

At the court's request (Doc. 170), the parties filed briefs addressing (1) whether there should be further discovery into defendant's financial information for purposes of presenting evidence on punitive damages; and (2) whether the parties may use at trial information from the claim files of class members who received UM/IUM benefits in an amount equal to the limits of only one of the UM/IUM coverages under the applicable policy or policies between the date of the discovery cutoff and the date this court amended the class definition. (Docs. 174; 175.) The parties also filed a joint statement proposing pretrial deadlines. (Doc. 173.)

## I. Discovery on Punitive Damages

Plaintiffs may not seek discovery on defendant's financial information. Discovery has closed. (Doc. 39.) In the similar context of evaluating whether to modify a scheduling order to reopen discovery, the Ninth Circuit has set forth several factors to consider: "(1) whether trial is imminent; (2) whether the request is unopposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent; (5) the

foreseeability of the need for additional discovery in light of the time allowed for discovery by the court, and (6) the likelihood discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (simplified).

The *Pomona* factors weigh against plaintiffs. They did not act with diligence. At the trial-setting hearing on October 15, 2026, plaintiffs' counsel said they could not have sought such discovery before discovery closed because of the Arizona rule limiting discovery into punitive damages until a jury is reasonably likely to decide the punitive damages claim (Doc. 175-3 at 38). *See Larriva v. Montiel*, 491 P.2d 735, 736 (Ariz. Ct. App. 1984). But, as plaintiffs recognize (Doc. 174 at 3), that state rule does not apply in federal discovery proceedings. *See GG Ins. Servs. Inc. v. Johnson*, No. CV-23-01964-PHX-KML, 2025 WL 1918560 at *2 (D. Ariz. July 11, 2025), *reconsideration denied*, No. CV-23-01964-PHX-KML, 2025 WL 2097940 (D. Ariz. July 25, 2025); *see also Berk v. Choy*, 607 U.S. 187, 198–99 (2026). And plaintiffs should not be excused from failing to ask for the information before discovery closed merely because some federal courts have followed the Arizona rule as a matter of prudence. For the same reason, the *Pomona* factor considering the "foreseeability of the need for additional discovery" also hurts plaintiffs. Plaintiffs had sought punitive damages from day one and should have known that requesting relevant information before the close of discovery was permissible under the federal rules. Although two *Pomona* factors favor plaintiffs—trial is not particularly imminent and discovery would lead to relevant evidence on punitive damages—their lack of diligence and defendant's opposition preclude reopening discovery on punitive damages.

## II. Discovery on Claim Files

Defendants request leave to produce and rely on at trial up to 235 sets of claim files for individuals who become class members between the close of discovery and the date of the amended certification order.[1] (Doc. 175 at 4.) Defendant's request is granted.

[1] Some of these individuals may have a different policy and therefore are not part of the class. (Doc. 175 at 4 n.3.) This order only allows discovery of the claim files of new class members.

Looking again to the factors from *Pomona*, defendants were sufficiently diligent for these 235 individuals. 866 F.3d at 1066. The individuals were not class members before the close of discovery so defendants could not have disclosed their files. And evidence within those files may speak to the existence of uninjured class members or other individualized defenses, which defendants may present at trial so long as such evidence has been properly disclosed. (Doc. 175-3 at 35.) Defendants may therefore produce and rely on at trial evidence from the up-to 235 sets of claim files. But to minimize prejudice to plaintiffs, and because the 235 individuals have now been class members presumably with associated claim files in defendant's possession for over a year, defendants must disclose to plaintiffs all files with adequate redactions by November 23, 2026.

## III. Pretrial Deadlines

The court will adopt most of plaintiff's proposed pretrial deadlines (Doc. 173 at 2–4), but not the deadlines for the exchange of certain information, such as deposition designations. The court will not resolve *Daubert* motions until shortly before trial.

Accordingly,

**IT IS ORDERED** plaintiffs may not seek further discovery from defendants for purposes of presenting at trial evidence of punitive damages.

**IT IS FURTHER ORDERED** no later than **November 23, 2026**, defendants must disclose to plaintiffs the claim files associated with the 235 individuals who received UM/IUM benefits in an amount equal to the limits of only one of the UM/IUM coverages under the applicable policy or policies between the date of the discovery cutoff and the date this court amended the class definition. Defendants may use at trial the claim files it discloses by this deadline.

**IT IS FURTHER ORDERED** the parties shall adhere to the following deadlines:

- Deadline for defendant to produce updated class list to plaintiff: October 30, 2026,[2] or within three days of this order, whichever is later.

[2] The parties' joint statement lists this date as October 30, 2027, which the court believes is a typo.

- Deadline for plaintiff to present data concerns to defendants: November 6, 2026,[3] or within three days of this order, whichever is later.
- Deadline for parties to resolve class data updates or submit impasse to the court: November 13, 2026.
- Deadline to send supplemental notice to newly identified class members: December 15, 2026.
- Deadline to supplement expert reports: January 7, 2027.

**IT IS FURTHER ORDERED** the trial is set to begin on April 27, 2027, and the anticipated end date is May 14, 2027. The trial will be held from 9:00 to 4:30 p.m., Tuesdays through Fridays, in Courtroom 503, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** that pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, a Final Pretrial Conference shall be held on **April 16, 2027**, at **10:00 a.m.** In preparation for the Final Pretrial Conference, it is hereby ordered:

1. Attendance Required. The attorneys (or *pro se* parties) who will be responsible for the trial of the case must attend the Final Pretrial Conference. The attendees must bring their calendars so trial scheduling can be discussed.

2. Proposed Pretrial Order.

*Timing*: The parties must jointly prepare a Proposed Pretrial Order and file it with the court no later than **March 30, 2027**. The parties must exchange drafts of the Proposed Pretrial Order no later than **fourteen days** before the submission deadline. The plaintiff(s) has the burden of initiating such communications. The parties also must submit a copy of the Proposed Pretrial Order to the court in Word format to Lanham_Chambers@azd.uscourts.gov.

*Content*: The Proposed Pretrial Order must include the information prescribed in the "Joint Proposed Pretrial Order" form that is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. The

[3] The parties' joint statement lists this date as November 6, 2027, which the court believes is a typo.

information may not be set forth in the form of a question and must be presented in concise narrative statements. Deposition designations must be delivered by the deadline for the Proposed Pretrial Order.

3. Marking of Exhibits. The parties must meet in person to exchange marked copies of all exhibits to be used at trial no later than **fourteen days** before the submission deadline for the Proposed Pretrial Order. During this meeting, the parties also must eliminate any duplicate exhibits.[4] Further information about the court's exhibit marking procedures can be found in the document entitled "Exhibit Marking Instructions," which is available at www.azd.uscourts.gov under: Judges' Info → Orders, Forms and Procedures → Standard Forms Used by All Phoenix Judges.

During trial, the parties must advise the Courtroom Deputy in advance which exhibits will be needed for each witness. All exhibits must be shown to opposing counsel before being offered.

4. Preclusion of Undisclosed Matters. The parties are advised that the court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with this order and the Federal Rules of Civil Procedure and listed in the Proposed Pretrial Order, except to prevent manifest injustice.

5. Motions in Limine and *Daubert* Motions. The parties must file all motions in limine no later than **March 16, 2027**. Each party may file no more than **five** motions in limine. Responses must be filed no later than **March 30, 2027**. No replies are permitted. Each motion in limine must include proposed language for the order being sought from the court, and the proposed language must state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. Each motion in

[4] During the in-person meeting, the exhibits must be in the exact physical form that will be used at trial. In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper copy at the in-person meeting, not an electronic copy. Also, the parties should mark their exhibits exactly as they intend to offer them at trial. During trial, exhibits will be admitted or rejected in their entirety. Thus, if any part of an exhibit is objectionable, it will be excluded in its entirety. The parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained.

limine and response must not exceed three pages in length. Each *Daubert* motion and response may not exceed nine pages in length. Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

The court wishes to emphasize that, in its experience, motions in limine are often used improperly. The point of a motion in limine is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Thus, it might be permissible for a party to seek a pretrial ruling as to the admissibility of a particular piece of evidence out of concern that the evidence is not only inadmissible but also inherently prejudicial, such that the bell could not be unrung even if an evidentiary objection were made and sustained at trial. In contrast, motions in limine "should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Lankford v. Taylor*, 2020 WL 6395294, *3 (D. Ariz. 2020) (citation omitted). Additionally, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

For these reasons, trial memoranda often serve as a better vehicle than motions in limine for parties to address anticipated evidentiary issues. Trial memoranda of no more than seventeen pages may be filed on the **same date** the parties file the Proposed Pretrial Order. Trial memoranda may be used for parties to brief, in advance of trial, their position as to the admissibility of particular pieces of evidence (or categories of evidence). Additionally, trial memoranda may be used to brief other types of issues that are anticipated to arise at trial, such as claims related to the sufficiency of the evidence. The court thus encourages the parties to give careful thought to whether issues that might be raised in a motion in limine would be better raised in a trial memorandum. The court further encourages the parties to raise in a trial memorandum *any* issues the court should be aware of before trial.

6. <u>Other Case-Related Documents</u>. The parties must—by the deadline for filing

the Proposed Pretrial Order—file the following documents (and submit copies of these documents in Word format to Lanham_Chambers@azd.uscourts.gov):

a. A stipulated joint statement of the case, which will be read to the jury.

b. A joint master list of the names of every witness who may be called at trial, to be used during voir dire.

c. Exhibit lists.

d. Proposed forms of verdict, including any proposed special verdict forms or juror interrogatories.

e. A joint set of proposed jury instructions. The joint set must contain the following four sections with each instruction clearly identified when it should be given (*e.g.*, preliminary, midtrial, final):

(1) A list of all applicable Ninth Circuit Model Civil Jury Instructions, which are available at http://www3.ce9.uscourts.gov/jury-instructions/model-civil. If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to). If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (plaintiff) or "DF" (defendant).

(2) Any non-model instructions to which the parties have stipulated, with only one instruction per page.

(3) Any non-model instructions requested by plaintiff (numbered consecutively), with only one instruction per page. Plaintiff shall include citation to authority to support the requested instruction. Defendant shall state all objections to such instruction immediately following the instruction and plaintiff's authority. Defendant shall support any objection with citation to authority. If defendant offers an alternative

instruction, such alternative instruction shall immediately follow defendant's objection.

(4) Any non-model instructions requested by defendant (numbered consecutively), with only one instruction per page. Defendant shall include citation to authority to support the requested instruction. Plaintiff shall state all objections to such instruction immediately following the instruction and defendant's authority. Plaintiff shall support any objection with citation to authority. If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow plaintiff's objection.

7. Juror Questionnaires. The court uses the juror questionnaire available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. The parties must file a joint statement of the case to be included in that questionnaire no later than **February 19, 2027**. In addition, each side may propose no more than three questions, with no subparts, to be added to that questionnaire. The court may not approve all questions proposed by the parties. The parties must file the proposed questions no later than **February 19, 2027**. The parties must email a Word version of both the joint statement of the case and any questions they propose to Lanham_Chambers@azd.uscourts.gov.

8. Settlement Discussions. The parties must be prepared to advise the court at the Final Pretrial Conference of the status of settlement discussions. Should settlement be reached at any time, the parties must promptly file a Notice of Settlement with the Clerk of the court. Pursuant to Local Rule 40.2(c), the parties will be responsible for payment of jury fees if a Notice of Settlement is filed less than five days before the first day of trial.

9. Information for Court Reporter. To facilitate the creation of an accurate record, please prepare a "Notice to Court Reporter" one week before the Final Pretrial Conference containing the following information:

a. Proper names, including those of witnesses.

b. Acronyms.

c. Geographic locations.

d. Technical (including medical) terms, names, or jargon.

e. Case names and citations.

f. Phonetic spelling of unusual or difficult words or names.

This notice need not be filed but must be provided via e-mail to Teri Veres at Teri_veres@azd.uscourts.gov and to Lanham_chambers@azd.uscourts.gov. Counsel also must advise the court reporter as soon as possible if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

10. Delivery of Final Exhibits. Counsel shall contact the Courtroom Deputy, Norma_Hunt@azd.uscourts.gov, **seven days before trial** to make arrangements for counsel or their representative to deliver finalized and marked copies of all exhibits. The finalized exhibits must be delivered to the Courtroom Deputy at least **48 hours** before trial. The parties must deliver at the same time a separate set of finalized and marked exhibits in a judge's binder.

11. Compliance Required. The court wishes to emphasize to the parties that it views compliance with the provisions of this order as critical to its case management responsibilities and to the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure. Thus, full and complete compliance with this order is required.

Dated this 10th day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**